UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| GEORGE PAPALIOS, | ) | CASE NO. 4:16-cv-2234 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| GENERAL MOTORS, LLC, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

This matter is before the Court on the motion of pro se plaintiff, George Papalios, for default judgment against defendant Local No. 1714, United Automobile, Aerospace, Agricultural Implement Workers of America, Amalgamated Union ("Local 1714"). (Doc. No. 9.) Putting aside the merits of whether Local 1714 failed to plead or otherwise respond in a timely manner, the Court must deny the motion because it is procedurally flawed.

The docket fails to indicate that, prior to seeking a default judgment, plaintiff first obtained from the Clerk of Courts an entry of default as contemplated by Rule 55(a) of the Federal Rules of Civil Procedure. An entry of default and a default judgment are distinct events that require separate treatment. *See O.J. Distrib., Inc. v. Hornell Brewing Co., Inc*., 340 F.3d 345, 353 (6th Cir. 2003); *see also* 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2692 (3d ed. 2003). Rule 55 governs both entry of defaults and default judgments. Rule 55(a), pertaining to entries of default, provides that:

> [w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Fed. R. Civ. P. 55(a). Yet, no default has been entered because plaintiff has not filed an application with the Clerk for entry of default. It is well settled that an entry of default is a prerequisite to entry of a default judgment under Rule 55(b). *See Hickman v. Burchett*, No. 2:07-cv-743, 2008 WL 926609, at *1 (S.D. Ohio Apr. 4, 2008) ("By asking for a default judgment, Plaintiff has failed to follow the sequential procedure set forth in the Rule.") (collecting cases); *Sys. Indus., Inc. v. Han*, 105 F.R.D. 72, 74 (E.D. Pa. 1985) (citation omitted). Without the entry of a default by the Clerk, this Court cannot enter a default judgment under Rule 55(b). *Cf. O.J. Distrib. Inc.*, 340 F.3d at 352 ("Rule 55 permits the clerk to enter a default when a party fails to defend an action as required. The court may then enter default judgment.") (quotation marks and citations omitted).

For the foregoing reasons, the Court denies plaintiff's motion for default judgment.

**IT IS SO ORDERED**.

Dated: November 21, 2016

                                              **HONORABLE SARA LIOI**
                                              **UNITED STATES DISTRICT JUDGE**